UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                          EASTERN DIVISION


U-SAVE AUTO RENTAL OF AMERICA, INC.                          PLAINTIFF


VS.                          CIVIL ACTION NO. 4:05CV117TSL-LRA


KATHY FURLO, JENNIE T. VALDES
AND VFB, INC.                                               DEFENDANTS

                  MEMORANDUM OPINION AND ORDER

     This cause is before the court on the motion of defendants

Kathy Furlo, Jennie Valdes and VFB, Inc. for rehearing,

reconsideration, to alter or amend judgment and/or clarification

and motion to stay arbitration.  Plaintiff U-Save Auto Rental of

America, Inc. (U-Save) has responded to the motion and the court,

having considered the memoranda of authorities, together with

attachments, submitted by the parties, concludes that the motion

is not well taken and should be denied.

     On June 9, 2005, defendants Furlo, Valdes and VFB, all

citizens of Florida, filed suit against U-Save in Circuit Court of

Miami-Dade County, Florida, asserting various claims stemming from

U-Save's alleged breach of its obligations under a franchise

agreement entered between the parties in May 2004.[1]  Upon being

     _____

          [1]    According to the complaint against U-Save, during
     negotiations by Furlo and Valdes to purchase a U-Save franchise,
     U-Save provided them with an Offering Circular, through which
     U-Save made various representations, including that U-Save would
     provide sales and business operation training; was only interested
     in off airport franchises; would preclude unfair competition by
     other U-Save franchisees in Florida and in particular in the Miami
     airport area; would conduct marketing and advertising to attract a

served, U-Save, a Mississippi corporation, filed in this court a

complaint to compel arbitration pursuant to the Federal

Arbitration Act, 9 U.S.C. § 4, asserting jurisdiction in this

forum based on diversity of citizenship, and contending that the

parties' dispute was subject to a mandatory arbitration provision

in the parties' franchise agreement.  That agreement provides, in

pertinent part, as follows:

> [A]ny controversy or claim arising out of or relating to
> this Franchise Agreement or its breach or the franchise
> relationship covered by this Franchise Agreement, as
> well as any Collateral Agreement, including without
> limitation, any claim that this Franchise Agreement or
> any Collateral Agreement or any part thereof is invalid,

---

large customer base; and would provide consultation necessary to
guarantee the success of the franchise.  These duties were also
set forth in the franchise agreement, which Furlo and Valdes
signed on May 9, 2002.  In their lawsuit, Furlo, Valdes and VFB,
Inc., a corporation formed to operate the franchise, alleged that
U-Save not only failed to provide the promised training and
support, but that in direct violation of its duties under the
contract, favored another Miami-area auto rental company,
Specialty Van Rental Services, a company owned by Sandy Miller, a
principal in U-Save.  Furlo, Valdes and VFB asserted various
claims against U-Save, Van Rental Services and Sandy Miller,
including claims for fraudulent inducement; negligent
misrepresentation; breach of contract; violation of the Florida
Deceptive and Unfair Trade Practice Act (based on their allegation
that defendants committed unconscionable acts and practices in
violation of Florida statute 501-204 and 501-204(1)); violation of
the Florida Franchise Fraud Act, Section 817.416(2)(a)(1) (in that
U-Save intentionally misrepresented the prospects or chances for
success of the franchise), and 817-416(2)(a)(2) (in that it
intentionally misrepresented or failed to disclose the known
required total investment for such franchises), and
817.416(2)(a)(1) (in that it misrepresented the chances for
success and did all the other things detailed in the other
counts); unjust enrichment; accounting; breach of good faith;
conversion; specific performance; and tortious interference by
Sandy Miller with the franchisees' business relationship with U-
Save.

illegal or otherwise voidable or void, as well as all
civil claims based on public policy and federal, state
or local laws pertaining to granting or establishing
franchises and deceptive and unfair trade practices),
will be submitted to arbitration before, and in
accordance with the commercial arbitration rules of the
American Arbitration Association ("AAA").  Arbitration
will be conducted only in the state of Mississippi under
Mississippi law and only on an individual, and not a
class-wide, basis. . . .  Each of the parties submit to
jurisdiction in Mississippi and therefore, waive any
objection to either the jurisdiction or venue of
Mississippi.
. . .
Except for issues relating to arbitrability or the
enforcement of this agreement to arbitrate, which will
be governed by the Federal Arbitration Act (9 U.S.C. et
seq.), all controversies will be construed under the
laws of Mississippi.

Upon filing this action, U-Save contemporaneously moved to

compel arbitration.  After defendants had secured two extensions

of time to respond to that motion, on August 18, 2005, the parties

filed a "Stipulation for Entry of Agreed Order to Arbitrate and to

Stay Proceedings," which was followed by entry of an "Agreed Order

to Arbitrate and to Stay Proceedings."  The stipulation, and the

agreed order, provided that the parties would arbitrate "all

matters" between them, "including but not limited to all causes of

action brought by" Furlo, Valdes and VFB (the franchisees) in

their pending state court suit; that "any and all actions in the

[state court] cause of action" relating to Specialty Van & Car

Rental and Sandy Miller would be stayed and would not be part of

the arbitration; that the state court "cause of action shall be

stayed pending the arbitration" between U-Save and Furlo, Valdes

and VFB, until the arbitration was completed or unless a further

3

agreement were entered between the parties, and that Furlo, Valdes and VFB would "stay any claims against Specialty Van & Car Rental and Sandy Miller until such time as the arbitration [between them and U-Save] are [sic] completed"; and that Furlo, Valdes and VFB were "ENJOINED not to take any action to advance [their state court lawsuit] until such time as this court issues a final ruling on whether arbitration of that action is to be compelled."

Following entry of the agreed order, the parties commenced arbitration.  In the arbitration proceeding, the franchisees sought to pursue all of the various causes of action they had brought in their Florida state court lawsuit, including a number of claims for alleged violation of Florida statutes. U-Save sought to have those claims dismissed, and the arbitrator, after receiving briefing from the parties, issued a ruling on January 26, 2007, in which she acknowledged that portion of the arbitration clause in the franchisee agreement providing that arbitration "will be conducted only in the State of Mississippi under Mississippi law," and then held that the arbitration between the parties would therefore be governed by Mississippi law under the commercial rules of the American Arbitration Association, and further held that "the claimant's petition to declare the arbitration clause void is dismissed, as well as claimant's claims under the Florida state law."  In other words, the arbitrator concluded that Mississippi law applied and therefore dismissed the claims the franchisees had brought under Florida law.

4

In the wake of that ruling, and the arbitrator's subsequent refusal to reconsider that ruling, the franchisees filed motions in their pending (but stayed) Florida state court lawsuit to temporarily stay the arbitration and to lift the stay entered by this court, so as to allow them to proceed with their Florida statutory claims in their Florida lawsuit.  This prompted U-Save to file in this case a motion to show cause why defendants ought not be held in contempt for violating the agreed order entered by this court which enjoined them from taking any action to advance their state court lawsuit "until such time as this court issues a final ruling on whether arbitration of that action is to be compelled."  Defendant franchisees responded with a motion to lift stay, asking that this court lift the stay so that they could pursue their Florida statutory claims in their state court suit in Florida.  This court denied the motion to lift stay, and directed that the arbitration should proceed, and ordered that defendants were enjoined from further proceeding in the Florida court.  It is from this ruling that defendants now seek relief by way of their present motion.

Defendants preliminarily argue, among other things, that because their Florida-based statutory claims are "still pending in a Florida state court" and have never been removed, this federal court has never acquired jurisdiction over those claims and hence this court lacked jurisdiction to "summarily dismiss" those claims

"from ever being litigated."[2]  Whether or not this court has ever
had jurisdiction over the underlying claims is not the issue.
Rather, the relevant inquiry is whether this court has subject
matter jurisdiction over U-Save's complaint to compel arbitration.
Although the FAA does not provide jurisdiction and there must be
an independent basis for jurisdiction over a claim brought under
the FAA, jurisdiction over this case is based on diversity of
citizenship.  This court thus had jurisdiction to enter its order
compelling arbitration and staying defendants' the Florida
lawsuit.

        In a related vein, defendants also argue that this court
lacks authority to stay their state court suit.  The court
acknowledges that § 3 of the FAA does not authorize this court to
order that the state court action be stayed pending arbitration.
See American Heritage Life Ins. Co. v. Orr, 294 F.3d 702, 714 (5th
Cir. 2002) (stating that § 3 "does not authorize federal courts to
enjoin ongoing state proceedings").  However, contrary to
defendants' urging, this court does have such authority under the
All Writs Act, 28 U.S.C. § 1651, which authorizes federal courts
to issue "all writs necessary or appropriate in aid of their

_____

        [2]    Continuing their argument in this vein, defendants
declare that their Florida law claims could only have been removed
to the federal district court in Florida, since that is where the
claims were pending in state court; but in any event, since the
time for removal has elapsed, then now the only court that could
dismiss those claims is the Florida state court; but that court
cannot dismiss them because the arbitration provision is invalid
under Florida law.

respective jurisdictions." See Orr, 294 F.3d at 714 n.3 (noting that "district court's authority to issue arbitral antisuit injunctions directed at state-court proceedings derives, [not from § 3 but] instead, from the All Writs Act, 28 U.S.C. § 1651(a)," and specifically, the "protect or effectuate its judgments" exception in the Act). See also Coldwell Banker Real Estate Corp., No. 4:05cv167, 2006 WL 1313825, *3 (N.D. Miss. May 11, 2006) (staying parallel state court action under authority of All Writs Act in order to effectuate court's order compelling arbitration).

Defendants' principal substantive argument, as the court understands it, appears to be this:  That the parties' "Stipulation for Entry of Agreed Order to Arbitrate and to Stay Proceedings" and the agreed order entered pursuant to that stipulation, constituted a separate agreement by U-Save to arbitrate which modified, or more accurately, supplanted the parties' original agreement to arbitrate as set forth in the franchise agreement; that pursuant to the parties' stipulated agreement, U-Save explicitly agreed that all of the causes of action that had been brought by the franchisees in their pending state court suit, which necessarily included their Florida statutory claims, would be included in the arbitration; that U-Save breached the stipulated arbitration agreement by moving the arbitrator to dismiss the franchisees' Florida statutory claims and by so doing waived its right to have those claims arbitrated;

7

and that because the arbitrator dismissed those Florida statutory claims from the arbitration, the franchisees now have the constitutional right to try those claims in their state court action.

Defendants' arguments are grounded primarily on their contention that U-Save agreed via the stipulation for arbitration that it would arbitrate "all causes of action" asserted by defendants in their Florida lawsuit, which necessarily included the Florida statutory claims.  However, in the court's opinion, that was neither the meaning nor intent of the stipulation and accompanying agreed order.  While the stipulation and agreed order perhaps could have been more clear, the court perceives that the parties' intention was to acknowledge that Furlo, Valdes and VFB would arbitrate their dispute (not necessarily their specific "causes of action") with U-Save, but that their dispute with Sandy Miller and Specialty Van Rental, which were not signatories to the franchise agreement, would not be part of the arbitration between the franchisees and U-Save but rather would be stayed pending the outcome of that arbitration and/or until a final ruling by this court on whether arbitration of the claims against those defendants would be compelled.

As for the arbitrator's dismissal of defendants' Florida statutory claims, defendants seem to argue that the arbitrator's decision was not a substantive dismissal of those claims on the merits, and they suggest, therefore, that the arbitrator's having

8

excised those claims from the arbitration proceeding does not preclude their pursuing the claims in their chosen judicial forum. The court, however, is convinced that the arbitrator's ruling, in purpose and effect, was substantive, that it was a decision which she had authority to make, and that defendants were properly enjoined from pursuing their putative Florida statutory (or any other claims) in their Florida lawsuit.

The arbitrator's dismissal of defendants' claims under Florida law was based on her determination that pursuant to the choice of law provision in the parties' contract, Mississippi law applies. This does not appear to have been merely a procedural determination that any Florida law claims were not subject to arbitration, but rather a substantive determination that in view of the parties' choice of Mississippi law to govern their disputes, defendants' putative claims based on Florida law are not cognizable, in the arbitral forum or any other forum.[3]

Moreover, resolution of the parties' dispute as to the choice of law issue was for the arbitrator in the first instance. See Puerto Rico Hosp. Supply, Inc. v. Boston Scientific Corp., 426 F.3d 503, 506-507 (1st Cir. 2005) (observing that "[a]mbiguous choice-of-law provisions should be determined by the arbitrator, not the district court."); Danieli & C. Officine Meccaniche S.p.A.

_____

[3]   Had there been any legitimate doubt as to the scope of her ruling, the proper course would have been for defendants to seek clarification from the arbitrator.

v. Morgan Constr. Co., 190 F. Supp. 2d 148, 156-57 (D. Mass. 2002)(stating that when "an agreement contains a valid arbitration clause as well as a choice of law provision, the determination of what law applies should be made by the arbitrator"); Medika Int'l, Inc. v. Scanlan Int'l, Inc., 830 F.Supp. 81, 88 (D.P.R. 1993) (holding that arbitrator should decide choice of law issue).

In an analogous case, DeOrnellas v. Aspen Square Management, Inc., 295 F. Supp. 2d 753, 762 (E.D. Mich. 2003), the parties opposing arbitration contended that because the combined effect of forum selection and choice-of-law provisions in the parties' arbitration agreement would deprive them of a statutory remedy available to them under their state's law, that of Minnesota, because the forum and law selected, that of Massachusetts, did not provide them a common-law claim equivalent to that provided by statute in Minnesota.  The court acknowledged that there can be times when an arbitration agreement, if interpreted to deprive a party of substantive rights afforded by statute, may be found to violate public policy and hence be unenforceable (which seems to be what defendants are claiming here).  Id. (citing Mitsubishi Motors Corp. v. Soler Chrysler Plymouth, Inc., 473 U.S. 614, 637 n.19, 105 S. Ct. 3346, 87 L. Ed. 2d 444 (1985), in which the Court observed that "in the event the choice-of-forum and choice-of-law clauses operated in tandem as a prospective waiver of a party's right to pursue statutory remedies . . . we would have little hesitation in condemning the agreement as against public

10

policy."). However, the court cogently explained that the
determination of what law will apply and what remedies are
available is properly made by the arbitrator in the first
instance, with such decisions being subject to review by the court
at the time enforcement of the arbitration award is sought.  Id.
See also Vimar Seguros y Reaseguros, S.A. v. M/V SKY REEFER,
515 U.S. 528, 540-41, 115 S. Ct. 2322, 132 L. Ed. 2d 462 (1995)
(holding that arbitration provision was enforceable,
notwithstanding choice of law provision which had the potential to
limit available remedies, and stating, "At this interlocutory
stage it is not established what law the arbitrators will apply to
the petitioner's claims or that petitioner will receive diminished
protection as a result. . . ." and observing that "[t]he District
Court has retained jurisdiction over the case and 'will have the
opportunity at the award-enforcement stage to ensure that the
legitimate interest in the enforcement of the ... laws has been
addressed.'").  The court in DeOrnellas concluded that the
"possibility that an arbitrator may apply Massachusetts common law
or construe it in such a manner that the plaintiffs' rights might
be less than allowed under Michigan's WPA is not sufficient to
render the arbitration agreement unenforceable."  295 F. Supp. 2d
at 762.

     Consistent with this reasoning, U-Save acknowledged during
the hearing on U-Save's motion to show cause and defendants'
responsive motion to lift stay that at the conclusion of the

arbitration proceeding, this court will have jurisdiction to pass on the arbitrator's decisions relating to venue and choice of law, including whether the Florida law claims should have been dismissed.

For these reasons, the court finds no merit in defendants' motion for relief from the court's order directing that the arbitration proceed and that defendants' Florida lawsuit remain stayed pending conclusion of the arbitration.  Their motion will therefore be denied.

Based on the foregoing, it is ordered that defendants' motion for rehearing, reconsideration, to alter or amend judgment and/or clarification and motion to stay arbitration, is denied.

SO ORDERED this 7th day of September, 2007.


/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE