```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF MISSISSIPPI
                          EASTERN DIVISION
```

U-SAVE AUTO RENTAL OF
AMERICA, INC.                                                PLAINTIFF


VS.                                    CIVIL ACTION NO. 4:05CV117TSL-AGN


KATHY FURLO, JENNIE T.
VALDES AND VFB, INC.
                                                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendants Kathy Furlo, Jennie T. Valdes and VFB, Inc. to set aside final judgment pursuant to Federal Rule of Civil Procedure 59 and/or 60, and to dismiss the case for lack of subject matter jurisdiction. There is also pending before the court a motion by plaintiff U-Save Auto Rental of America, Inc. (U-Save) to show cause why defendants should not be held in contempt for violation of this court's orders compelling arbitration, enjoining plaintiffs from proceeding in their pending action in Florida state court, and confirming arbitration award.

At issue on defendants' motion is whether this court had jurisdiction based on diversity of citizenship to enter its order and judgment confirming an arbitrator's award in favor of plaintiff U-Save for an amount less than the $75,000 jurisdictional minimum required for diversity jurisdiction. U-Save has responded in opposition to defendants' motion, insisting that the court has diversity jurisdiction notwithstanding that the amount of the arbitrator's award was

under $75,000 since defendants had demanded recovery of an amount in excess of $75,000. Having considered the parties' memoranda of authorities and other pertinent authorities, the court now concludes that there is subject matter jurisdiction and that consequently, the court's judgment confirming arbitration award stands.

On June 9, 2005, defendants, citizens of Florida, filed a lawsuit against U-Save, a Mississippi corporation, in Florida state court alleging claims for fraudulent inducement, negligent misrepresentation, breach of contract, unjust enrichment and violation of the Florida Franchise Fraud Act and Deceptive Trade and Unfair Practices Act relating to a franchise agreement they had entered with U-Save. In their complaint in the Florida action, defendants demanded damages "in excess of $250,000." On July 13, 2005, shortly after the Florida lawsuit was filed, U-Save filed in this court a complaint for an order to compel arbitration and to stay the Florida lawsuit, contending that the claims brought against it in the Florida action were covered by an arbitration agreement executed by the parties as part of their franchise agreement. Before an answer was filed herein, the parties filed a "Stipulation for Agreed Order to Arbitrate and to Stay Proceedings," and contemporaneously presented for the court's entry an "Agreed Order to Arbitrate and to Stay Proceedings." The order was promptly entered by the court on August 19, 2005, and the case was closed.

2

A year and a half later, in February 2007, U-Save filed a motion in this case to show cause why defendants should not be held in contempt for violating this court's order enjoining further proceedings in the Florida lawsuit. U-Save complained that defendants herein were attempting to pursue claims in their Florida lawsuit, in direct violation of the August 2005 Agreed Order entered in this cause. Defendants responded that they had not violated the injunction, which they believed required that they arbitrate only some but not all of their claims (and in particular not their Florida statutory claims), and which thus allowed them to pursue those other claims through litigation. They also moved to lift the stay entered by this court. Following a hearing, this court entered its order on February 26, 2007 rejecting defendants' arguments, denying their motion to stay, and ordering that defendants were enjoined from further proceeding in their Florida lawsuit. The court subsequently denied a motion by defendants for reconsideration by memorandum opinion and order entered September 17, 2007. Defendants appealed the court's ruling to the Fifth Circuit, which denied defendants' motion to stay this court's order pending appeal, and subsequently, on March 18, 2008, dismissed the appeal for want of prosecution.

On July 21, 2008, U-Save filed in this cause an "Application for Confirmation of Arbitral Award" pursuant to § 9 of the Federal Arbitration Act, 9 U.S.C. § 9, to which defendants responded in opposition. On September 30, 2008, this court entered its order

3

confirming the arbitration award and on the basis thereof, awarding U-Save the sum of $23,625 to which the arbitrator had determined it was entitled, together with costs of court and interest. Immediately after entry of the court's judgment, defendants filed their present motion to vacate or set aside the judgment and to dismiss U-Save's application for confirmation of the arbitration award on the basis that the court lacks jurisdiction since the arbitration award was only $23,625, less than the $75,000 minimum amount in controversy for diversity jurisdiction.

"It is well established that the FAA is not an independent grant of federal jurisdiction." Smith v. Rush-Retail Centers, Inc., 360 F.3d 504, 505 (5th Cir.), cert. denied, 534 U.S. 876, 125 S. Ct. 100, 160 L. Ed. 2d 127 (2004). Therefore, "for a federal court to enter an order to compel arbitration under § 4, 'there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue.'" Id. (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n.32, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983)). Likewise, §§ 9 and 10 of the FAA, which, respectively, govern applications to confirm and vacate arbitration awards, do not confer federal jurisdiction and therefore there must be an independent basis for federal jurisdiction before a district court may entertain a petition to confirm and/or vacate an arbitration award. See id.

"[T]he amount in controversy in a motion to compel arbitration is the amount of the potential award in the underlying arbitration proceeding." Webb v. Investacorp, Inc., 89 F.3d 252, 256 (5th Cir. 1996). Thus, since defendants herein had demanded more than $250,000 in their Florida complaint against U-Save, this court undeniably had jurisdiction over U-Save's complaint to compel arbitration. The issue here, though, is whether the court had jurisdiction over U-Save's subsequent application to confirm the arbitration award.

Among the circuits, there is a split of authority as to the basis for determining the amount in controversy in a suit to confirm or vacate an arbitration award. See Karsner v. Lothian, 532 F.3d 876, 882-883 (D.C. Cir. 2008) (acknowledging split). The Fifth Circuit has not considered the issue, and as far as this court is aware, only one district court in this circuit appears to have directly addressed it. In Mannesmann Dematic Corp. v. Phillips Getschow Co., No. Civ. A. 3:00-CV-2324-G, 2001 WL 282796 (N.D. Tex. March 16, 2001), and in two subsequent cases which followed Mannesmann, the court held that the amount in controversy in a case brought to confirm or vacate an arbitrator's award is the amount of the award, irrespective of the amount demanded in the arbitration. See Mannesmann, 2001 WL 282796, at 2 (N.D. Tex. March 16, 2001) (Fish, J.)(dismissing motion to confirm arbitration for lack of jurisdiction since, although demand for arbitration sought $1,385,322 in damages, arbitrator's award,

5

which established the amount in controversy, was $64,035); Kearns v. MBNA America Bank, N.A., No. Civ.A. 304CV2034G, 2004 WL 2512742, 1 (N.D. Tex. Nov. 5, 2004) (Fish, J.)(jurisdiction lacking where arbitration award was for $19,306.74, "well below the required amount in controversy for diversity jurisdiction") (citing Mannesmann); Hodges v. UBS Painewebber, Inc., No. 3-03-CV-2957-R, 2004 WL 433791, 2 (N.D. Tex. March 8, 2004) (jurisdiction found lacking over application to vacate where total amount of arbitration award plaintiff sought to vacate was $21,196.66).[1]

In Karsner v. Lothian, supra, the court explained the divergence of circuit holdings on this amount in controversy issue, stating that while the issue was one of first impression in the D.C. Circuit,

---

[1] Notably, the opinions in Kearns and Hodges give no indication as to the amount of the demand before the arbitrator and thus do not indicate whether the amount of the demand would have satisfied the minimum amount in controversy if the demand, rather than the actual award, had been used as the basis for the determination of jurisdiction.
In contrast to Mannesmann, Kearns and Hodges, the Eastern District of Louisiana court in Tortorich v. Musso, Civil Action No. 07-3912, 2007 WL 3244396, 1 (E.D. La. Nov. 1, 2007), held that it had diversity jurisdiction over a motion to vacate an arbitration award since the parties were of diverse citizenship and "the amount in controversy before the arbitrators exceeded $75,000, exclusive of interest and costs," (emphasis added), suggesting the court considered that the demand before the arbitrator was determinative of the amount in controversy in a subsequent suit to vacate the award. However, since the amount of the arbitrator's award was $304,000, the court did not have occasion to consider whether the amount in controversy would have been satisfied if the award had been for less than $75,000, notwithstanding that the demand had been for more than $75,000.

6

> Other circuits have used three different approaches to
> this question: the award, the demand and the remand
> approaches. Under the award approach, the amount in
> controversy is determined by the amount of the
> underlying arbitration award regardless of the amount
> sought. See, e.g., Ford v. Hamilton Invs., Inc., 29
> F.3d 255, 260 (6th Cir. 1994). Pursuant to the demand
> approach, the amount in controversy is the amount sought
> in the underlying arbitration rather than the amount
> awarded. See, e.g., Am. Guar. Co. v. Caldwell, 72 F.2d
> 209, 211 (9th Cir. 1934); see also Bull HN Info. Sys.,
> Inc. v. Hutson, 229 F.3d 321, 328-30 (1st Cir. 2000)
> (applying demand approach to bifurcated arbitration
> proceeding). The remand approach appears to apply if
> the petition includes a request to remand and reopen the
> arbitration proceeding, in which case the amount in
> controversy is the amount sought in the underlying
> arbitration. See, e.g., Peebles v. Merrill Lynch,
> Pierce, Fenner & Smith Inc., 431 F.3d 1320, 1325-26
> (11th Cir. 2005).

Karsner, 532 F.3d at 883. The court in Karsner settled on the

demand approach, reasoning as follows:

> Of the three approaches, the award approach has the
> least appeal. The Sixth and Eleventh Circuits have
> followed the award approach, see Ford, 29 F.3d at 260;
> Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1472
> (11th Cir. 1997), but in neither case was the petitioner
> seeking to reopen the arbitration and thus the court had
> no opportunity to consider the remand approach.
> Moreover, the Eleventh Circuit appears to have more
> recently adopted the remand approach, explaining that "a
> federal court has subject matter jurisdiction where a
> party seeking to vacate an arbitration award is also
> seeking a new arbitration hearing at which he will
> demand a sum which exceeds the amount in controversy for
> diversity jurisdiction purposes." Peebles, 431 F.3d at
> 1325-26. While the award approach can work if the
> petitioner seeks confirmation of an arbitration award,
> it can also be inconsistent with the court's exercise of
> jurisdiction over a petition to compel arbitration.
> That is, the FAA provides that the district court has
> jurisdiction over a petition to compel if it "would have
> jurisdiction under Title 28, in a civil action or in
> admiralty of the subject matter of a suit arising out of
> the controversy between the parties." 9 U.S.C. § 4; see
> also Moses Cone, 460 U.S. at 25 n.32, 103 S. Ct. 927
> ("Section 4 provides for an order compelling arbitration

7

only when the federal district court would have jurisdiction over a suit on the underlying dispute."); Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995) ("[T]he amount in controversy in a petition to compel arbitration or appoint an arbitrator is determined by the underlying cause of action that would be arbitrated."); cf. Webb v. Investacorp, Inc., 89 F.3d 252, 257 (5th Cir. 1996) ("[T]he district court properly looked to the amount of Investacorp's claim in the underlying arbitration to determine the amount in controversy in this action for declaratory relief."). The award approach would apply two different jurisdictional tests depending on the action the petitioner seeks, resulting in jurisdiction over a petition to compel arbitration of a claim but not necessarily over a petition to confirm/vacate an arbitration award arising from the same claim. (FN5) See Christopher L. Frost, Welcome to the Jungle: Rethinking the Amount in Controversy in a Petition to Vacate an Arbitration Award Under the Federal Arbitration Act, 32 Pepp. L. Rev. 227, 261-62 (2005).

> FN5. Additionally, the award approach may discourage arbitration because it effectively punishes parties for choosing arbitration over litigation to settle a dispute. Frost, supra p. 9, at 254-55. For example, if the claimant in arbitration seeks $100,000 and is awarded only $50,000, a petition to confirm/vacate would be below the jurisdictional amount. But if the claimant had instead filed suit in federal court, jurisdiction would have existed. See 28 U.S.C. § 1332.

In contrast, the demand approach has merit and has recently been applied by two other circuit courts. For example, the Ninth Circuit recently upheld the exercise of diversity jurisdiction over a petition to vacate an arbitration award of $0. Theis Research, Inc. v. Brown & Bain, 400 F.3d 659, 664-65 (9th Cir. 2005); see also Am. Guar., 72 F.2d at 211. The First Circuit has observed that the demand approach recognizes the "close connection between arbitration and subsequent enforcement proceedings" and "carr[ies] out the federal policies in favor of arbitration." Bull HN Info. Sys., 229 F.3d at 329. Bull analogizes to litigation "where the claim in a court complaint exceeds $75,000 but the jury awards less than $75,000," noting that "there is diversity jurisdiction" over such a claim. Id. A contrary approach to arbitration—for example, "where the

> sums at issue before the arbitrator at the start of the arbitration exceed $75,000, [but] the final (non-partial) award is for less than $75,000"–"could be thought to undermine" "federal policies in favor of arbitration." Id. And, as noted earlier, the demand approach is consistent with the court's jurisdiction over a petition to compel arbitration. The demand approach thus avoids the potential problem (under the award approach) that the court could compel arbitration but then lack jurisdiction to review the arbitration it ordered. Further, unlike the award approach, the demand approach permits the district court to exercise jurisdiction coextensive with the "diversity jurisdiction that would have otherwise been present if the case had been litigated rather than arbitrated." Bull HN Info. Sys., 229 F.3d at 329.

Karsner, 532 F.3d at 883-84. This court considers the court's reasoning in Karsner persuasive. However, even if the Fifth Circuit were to conclude that the amount of the arbitrator's award controlled the amount in controversy in an action to confirm or vacate an arbitration award which is brought separate from the original action to compel arbitration, the court is of the opinion that jurisdiction is proper in this case since the application to confirm the arbitration award is brought in and as part of the original action to compel arbitration.

The court acknowledges defendants' argument that the court's order compelling arbitration was a final decision that terminated this action, and that U-Save's application for confirmation was "a completely new action," which requires an independent basis for jurisdiction. However, while this case was administratively closed following entry of the agreed order compelling arbitration, as U-Save notes, the court's order compelling arbitration was not

9

a "final" order, inasmuch as it specifically contemplated further action by this court, reciting that the claims in the Florida state court against Sandy Miller and Specialty Van Rental, which were not included in the agreed order compelling arbitration, would be stayed pending the outcome of that arbitration and/or until a final ruling by this court on whether arbitration of the claims against those defendants would be compelled. Thus, entry of the order compelling arbitration did not dismiss this action and terminate the court's jurisdiction over this matter. There was nothing to prevent U-Save from coming back into this court, on the basis of jurisdiction previously established, to seek confirmation of the arbitration award. Accordingly, the court denies the motion to dismiss for lack of subject matter jurisdiction.

Coming, then, to U-Save's motion to show cause, U-Save advises that on October 14, 2008, while defendants' post-judgment motion was pending before this court, defendants filed a motion in the Florida state court action asking the Florida court to "set aside the arbitration award and allow Defendants' claims to now be tried in court." U-Save notes that this motion by defendants is virtually identical to their response in this case to U-Save's application for confirmation of the arbitral award. U-Save submits that defendants' filing in the Florida state court action directly violates this court's orders enjoining defendants from

taking any action to advance their litigation, and that therefore, defendants should be directed to show why they ought not be found in contempt of court and required to comply with this court's orders and judgment. It argues that in the alternative, the court should enter a permanent injunction, prohibiting defendants from circumventing this court's orders and judgment.

In response to U-Save's motion, defendants argue that this court's order compelling arbitration did nothing more than force them to arbitrate and enjoin them from filing anything in any court while the arbitration was pending. They contend that since they ultimately concluded in the wake of the completion of arbitration that this court lacks subject matter jurisdiction to either confirm or vacate the arbitrator's award, they "simply filed before the proper Florida court their motion to set aside the arbitration after the arbitration was over and after the stay or temporary injunction dissolved on its own terms." They submit they since they believed they had only 90 days under the FAA to file any motion challenging the arbitration, they went ahead and filed their motion to vacate in the Florida action, but have not attempted to advance the motion and are instead awaiting this court's decision on the jurisdictional issues. With that explanation, the court does not find that defendants acted in contempt of this court's orders in filing their motion to vacate in the Florida action; however, inasmuch as this court has now concluded that jurisdiction is proper in this court, and this

court has entered its order confirming the award of the arbitration, then under the All Writs Act, defendants may properly be enjoined from pursuing their motion to vacate in the Florida action, or in any other manner challenging the arbitration.

Based on the foregoing, therefore, it is ordered that defendants' motion to dismiss is denied, and it is further ordered that plaintiff U-Save's request to enjoin defendants from pursuing their motion to vacate or otherwise challenging the arbitration in the Florida action is granted.

SO ORDERED this 31st day of March, 2009.

    /s/ Tom S. Lee
    UNITED STATES DISTRICT JUDGE